UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENYATTA WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )  No.: 19-cv-1366-MMM |
| | ) |
| **MICHAEL MELVIN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and upon payment of the filing fee, pursues a § 1983 action for deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff discloses that he has a history of seizure disorder, high blood pressure, and problems with frequent urination. On December 21, 2017, Plaintiff was questioned by Defendant Christopher Eaton regarding weapons found in the cell house where Plaintiff resided. After the interview, Plaintiff was taken to administrative segregation on investigation status. When Plaintiff was placed in his new cell, he asked an unidentified Sergeant about his Keppra

seizure medicine, his Norvasc high blood pressure medication and the Desmopressin used to treat his urinary frequency. Plaintiff alleges he had to wait three hours before the Defendant Sergeant returned with nine Keppra pills, only a few days' worth of the seizure medication. Plaintiff does not indicate that he received the Norvasc or Desmopressin. Plaintiff claims that he had to stretch the Keppra pills to make them last for four days. It is unclear as to how many pills Plaintiff generally took in a day.

Plaintiff asserts that from December 21, 2017 through December 28, 2017, he requested his medication from nurses, including Nurse Sabrina and Nurse Tracy Ellersonk. He claims, however, that he only received three days' worth, not indicating by whom it was given or when it was given. Plaintiff claims, further, that he asked "every" John Doe officer to call the "hospital," most likely the healthcare unit, and inform them that he was not getting his Keppra. Plaintiff indicates that nurses continue to make rounds and to give him pain medication without providing the other medications. On one of these occasions, an unidentified Jane Doe nurse informed Plaintiff that it was unlikely he would suffer a seizure as the Keppra had built-up in his system.

On December 27, 2017, Plaintiff wrote an emergency grievance of the issue to Defendant Melvin, the former Pontiac Warden. Defendant Melvin denied that the grievance represented an emergency.

Plaintiff indicates that on December 28, 2017, he suffered three seizures. After the third seizure, he awoke in the prison healthcare unit. There, Plaintiff noted that he had cuts and scrapes on his head, arms and hand; and pain in his neck, back and elbow. In addition, his tongue was cut in four different places. Another inmate, Bryant Young, told Plaintiff that he had been removed from his cell while handcuffed and shackled. Another, Demetrius Pettigrew told

Plaintiff that, while taking him to the healthcare unit, the correctional officers had allowed him to fall down a flight of stairs.  Plaintiff does not reveal whether Mr. Pettigrew actually witnessed this so as to have firsthand knowledge of the event.

To state a claim for deliberate indifference to a serious medical need, Plaintiff must plead sufficient facts to establish that that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Estelle v. Gamble*, 429 U.S. 97, (1976); *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).  Here, Plaintiff states a colorable claim of deliberate indifference as Nurses Sabrina and Ellersonk, as well as the Doe Nurse who doubted Plaintiff would suffer a seizure, while knowing that he was not receiving the Keppra.

Plaintiff fails to state a claim against the Defendant Sergeant who, within three hours, provided him with a several days' supply of Keppra.  This is so, as Plaintiff does not allege that this individual was aware that he was not receiving Keppra after the initial supply was exhausted.

While Plaintiff appears to implicate other correctional officers in his claim that he reported the lack of medication to "all," this is too vague to put any Defendant on notice or to allow any such individual to be identified.  Plaintiff will be given an opportunity to replead to address this issue.  If he does so, he is to indicate the date on which he spoke to each officer regarding the lack of medication, giving at least some description of the officer to aid in the identification.

While it is not clear, Plaintiff might be pleading a claim for his allegedly having been dropped down a flight of stairs.  The allegation that he was "allowed to fall," however, appears to assert negligence rather than deliberate indifference, a more purposeful standard.  "Mere

3

negligence, gross negligence, or recklessness in a tort-law sense in failing to know of an actual threat or high probability of harm, however, does not give rise to Eighth Amendment liability." *Clark v. Doe*, 202 F.3d 272 at *1 (7th Cir. 1999). This claim is DISMISSED.

Plaintiff names former Warden Melvin, apparently for having denied that Plaintiff's grievance represented an emergency. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, 'to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation.'" (Internal citations omitted). An individual does not become liable for an alleged constitutional violation merely by denying a grievance. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir.2007) (rejecting that "anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself…Only persons who cause or participate in the violations are responsible.") *See also, Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Defendant Melvin is DISMISSED.

As to Defendant Eaton, Plaintiff claims only that he was interviewed by Defendant as part of an investigation. This fails to identify any constitutional violation by Defendant Eaton, and he is DISMISSED.

This claim will proceed against the two named Nurses and one Jane Doe Nurse. If Plaintiff wishes to implicate more than one Doe Nurse, he must replead with more specificity. Plaintiff will be given an opportunity to file an amended complaint to replead as to the Doe Correctional Officers who did not respond to his request for medication. If Plaintiff repleads, he is to disclose the number of officers with whom he spoke, and to provide some information to aid in their identification. Plaintiff is advised, however, that it will be his responsibility through

initial disclosures and discovery to identify any Doe Defendants. For now, the Doe Correctional Officers are DISMISSED. If Plaintiff does not replead, this case will proceed against the three nurses.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claims against Defendant Nurses Sabrina and Tracy Ellersonk as well as one Jane Doe Nurse. Warden Melvin, Chris Eaton and the John Doe Correctional Officers are DISMISSED. Plaintiff will have 30 days in which to replead his claims against the Doe Officers and any additional Doe Nurse. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff files [3] a motion for recruitment of *pro bono* counsel indicating that he has contacted several attorneys but has not received a response. The Court does not find this sufficient to establish that Plaintiff made a good faith effort to secure counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007. [3] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that

Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

     5.    Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

     6.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

     7.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

     8.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: \_\_4/17/2020_____

\_\_\_\_\_s/Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

.